798 So.2d 936 (2001)
Gladys Marie HUNTER, et vir.
v.
WAL-MART SUPERCENTER OF NATCHITOCHES.
No. 2001-C-0299.
Supreme Court of Louisiana.
October 16, 2001.
Richard G. Barham, Vicki C. Warner, Barham & Warner, Shreveport, for Applicant.
William P. Crews, Jr., Natchitoches, for Respondent.
PER CURIAM.[*]
We granted certiorari in this case to determine whether the court of appeal *937 erred in affirming the judgment of the district court granting plaintiffs' motion for judgment notwithstanding the verdict and increasing the jury's damage award. For the reasons that follow, we vacate that judgment and reinstate the jury verdict.

UNDERLYING FACTS
On April 22, 1996, Gladys Marie Hunter and her husband went shopping in the Wal-Mart Supercenter of Natchitoches ("Wal Mart"). While shopping in the store's garden center, Mrs. Hunter caught her foot in an empty wooden pallet on the floor. She almost fell to the ground, but a Wal-Mart employee caught her. After the incident, Mrs. Hunter was diagnosed as suffering from a bruised foot. She received physical therapy for approximately one month after the accident. In May 1997, she began complaining of soreness and numbness in her left foot. Subsequent medical testing did not reveal any objective signs of injury. In February 1997, approximately nine months after the Wal-Mart accident, Mrs. Hunter suffered a second fall while traveling in Oklahoma.

PROCEDURAL HISTORY
As a result of the Wal-Mart incident, Mrs. Hunter and her husband filed the instant suit against Wal-Mart, seeking damages for pain and suffering, medical expenses, loss of consortium, lost wages, and embarrassment and humiliation. After a jury trial, the jury allocated 25% fault to plaintiffs and 75% fault to Wal-Mart. The jury awarded plaintiffs $4,800 in past medical expenses and $15,000 for pain and suffering. The jury rejected plaintiffs' claims for embarrassment, humiliation, loss of consortium and permanent injury.
Plaintiffs filed a motion for judgment notwithstanding the verdict ("JNOV"), or alternatively for new trial or additur. The district court granted plaintiffs' motion for JNOV as to damages only, and increased the jury's awards for past medical expenses to $16,024.17 and for pain and suffering to $50,000. Additionally, the district court awarded plaintiffs $20,000 for embarrassment and humiliation, $40,000 for permanent injuries, and $20,000 for loss of consortium.
Wal-Mart appealed the district court's judgment. The court of appeal affirmed the judgment of the district court in an opinion not designated for publication.[1]
Upon Wal-Mart's application, we granted certiorari to review the correctness of that ruling.[2] The sole issue presented for our consideration is whether the district court abused its discretion in granting plaintiffs' motion for JNOV.

DISCUSSION
In Anderson v. New Orleans Public Service, Inc., 583 So.2d 829 (La.1991), we set forth the proper standard to be applied in order to grant a JNOV:
Judgment notwithstanding verdict (JNOV) is warranted when facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict, and JNOV motion should be granted only when evidence points so strongly in favor of moving party that reasonable men could not reach different conclusions, not merely when there is preponderance *938 of evidence for mover; if evidence opposed to motion is of such quality and weight that reasonable and fair-minded men in exercise of impartial judgment might reach different conclusions, the motion should be denied.
With these principles in mind, we now turn to an examination of the record to determine whether the evidence points so strongly in favor of plaintiffs that reasonable jurors could not have reached different conclusions.
Mrs. Hunter's own testimony indicates that her fall was relatively minor in nature. She testified she did not actually fall to the ground, but was caught by a Wal-Mart employee before she reached the ground:
A. And that was the time I turned and I was on my way back, I had these plants in my hand. I was on my way back to put the plants back out where they were at. And when I turned around and then my ... all at once ... I didn't look down cause usually when I'm walking I always kind of look straight ahead of me. And all at once my foot got caught up under that pallet and I just went to falling going backwards and sideways and fronts (sic) and on the side. And one guy he said, Oh Lady, you're going to hurt yourself. And he ran over there and I went down almost to the floor.
Q. And he caught you?
A. And he caught me.
The day after the accident, Dr. Brian Picou diagnosed Mrs. Hunter as suffering from a bruised foot. There was no swelling of the ankle or foot, no muscle or nerve damage, and little objective sign of injury. Approximately one week later, Mrs. Hunter complained of numbness in her leg.
Beginning in late April 1996, Mrs. Hunter engaged in physical therapy with Richard Guidroz. Mr. Guidroz testified that after each visit, Mrs. Hunter began to feel better and had decreased complaints. By the time he discharged her on May 23, she was having no problems with exercise and was walking normally.
In May, Mrs. Hunter continued to complain of left foot numbness, and was referred to Dr. Nguyen in October 1996. She reported some low back pain to Dr. Nguyen in December 1996, but indicated the pain was better by January 1997, although she still had some numbness and soreness in her lower leg.
In February 1997, approximately nine months after the Wal Mart accident, Mrs. Hunter suffered a second fall while traveling in Oklahoma City. That same month, she returned to Dr. Nguyen. Dr. Nguyen testified he was never able to make any objective findings to explain her complaints and testified it would be unusual for her to have a loss of sensation based on catching her foot on a pallet.
The only medical testimony which connected Mrs. Hunter's injuries with her fall at Wal-Mart came from Dr. Naalbandian, who first saw her twenty-five months after the Wal-Mart incident.[3] Dr. Naalbandian testified that the Wal-Mart incident aggravated Mrs. Hunter's pre-existing spondylosis and degenerative disc disease. However, Dr. Naalbandian admitted that the fall did not cause her spondylosis and degenerative disc disease. He further conceded that her spondylosis and degenerative disc disease would cause her pain through her life, even absent trauma.
Based on our review of the record, we cannot say that the evidence points so *939 strongly in favor of plaintiffs that reasonable persons could not reach different conclusions. While plaintiffs assert that the evidence demonstrated Mrs. Hunter's injuries were ongoing and permanent in nature, there is sufficient evidence in the record which would allow reasonable and fair-minded persons in the exercise of their impartial judgment to reach an opposite conclusion and find that Mrs. Hunter's injury at Wal-Mart was a minor soft-tissue injury without permanent implications.
Because the evidence does not point so strongly in favor of plaintiffs that reasonable persons could not reach an opposite conclusion, the district court erred as a matter of law in granting plaintiffs' motion for JNOV. Accordingly, we will vacate that judgment and reinstate the jury verdict.

DECREE
For the reasons assigned, the judgment of the court of appeal affirming the district court's judgment is vacated. The district court's grant of JNOV in favor of plaintiffs is vacated and the jury's verdict is hereby reinstated.
KNOLL, J., dissents and assigns reasons.
KNOLL, Justice, dissenting.
Where the trial court is convinced that, under the evidence, reasonable minds could not differ as to the amount of damages, it has the authority to grant the appropriate judgment notwithstanding the verdict. LA.CODE CIV. PROC. ANN. art. 1811(F). I find that the trial judge properly granted plaintiffs' motion for JNOV. Therefore I would affirm the judgment of the court of appeal.
The appellate court's review of the evidence showed that the trial court properly found that the jury's award of damages was abusively low and that the evidence pointed so strongly in favor of the plaintiff that the jury was unreasonable in reaching its quantum award. Even though Mrs. Hunter may have had pre-existing spondylosis and bulging discs, all witnesses testified that Mrs. Hunter was pain free and asymptomatic prior to the accident. Accordingly, it is well settled that Mrs. Hunter may recover all medical expenses she incurred as a result of her injury. It was simply unreasonable for the jury to conclude that Mrs. Hunter was injured as a result of the accident at Wal-Mart and fail to award all of the medical expenses she incurred as a result of that accident.
Fundamental to the jury's unreasonably low quantum award was its misapprehension that Mrs. Hunter's injuries were not permanent. In stark contrast to that appreciation, the appellate court reviewed record testimony that showed that Mrs. Hunter's foot is permanently swollen, that she often has to depend upon a cane to walk, and that she suffers constant pain from the foot up into the leg, hip and back area. Based upon these findings, I concur in the trial judge's decision to raise the award for pain and suffering from $15,000 to $50,000, to award $20,000 for Mrs. Hunter's embarrassment and humiliation (the jury awarded none), and to award $40,000 for the permanent injuries she received (the jury awarded none).
I likewise find that the jury unreasonably determined not to make an award to Mrs. Hunter's husband for loss of consortium. The appellate court's opinion is replete with reference to evidence that the Wal Mart accident significantly changed the close relationship which formerly existed between Mr. and Mrs. Hunter. Mr. Hunter has had to assume countless household tasks, they are no longer able to participate in activities "as a team," and their romantic life has been negatively impacted. Despite this clear evidence, the *940 jury awarded nothing for Mr. Hunter's loss of consortium. Based upon this appreciation of the facts, I find that the appellate court properly determined the trial judge awarded $20,000 for this item of damages that the jury unreasonably excluded.
For these reasons, I find that this Court improperly reverses a decision of the trial judge which corrects an unreasonable determination of the jury. Accordingly, I respectfully dissent from the decision of this Court. Therefore, I find that the judgments of the trial judge and the appellate court should be affirmed.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.
[1] Hunter v. Wal-Mart Supercenter, 00-00520 (La.App. 3d Cir.11/22/00), 778 So.2d 106 (not designated for publication).
[2] Hunter v. Wal-Mart Supercenter, 01-0299 (La.4/12/01), 788 So.2d 1197.
[3] It is noteworthy that at the time plaintiff saw Dr. Naalbandian, she did not tell him about her Oklahoma fall.